UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAJI FOFANA, *et al.*,<br><br>   Petitioner/Plaintiffs,<br><br>  v.<br><br>BRUCE SCOTT, *et al.*,<br><br>   Respondents/Defendants | Case No. C25-1417-JHC-MLP<br><br>REPORT AND RECOMMENDATION |

  Petitioner Haji Fofana ("Petitioner") and his wife Fatoumatta Tunkara ("Plaintiff," collectively "Petitioner/Plaintiffs") initiated this action in July 2025 when they filed, through counsel, a petition for writ of habeas corpus and for writ of mandamus, and a complaint for declaratory and injunctive relief. (Dkt. # 1.) At the time of filing, Petitioner was in the custody of U.S. Immigrations and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). He sought habeas relief on the grounds that his ongoing detention had become indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and he requested release. (*See id.*) On October 1, 2025, Petitioner was removed from the United States to his country of origin, Sierra Leone. (Dkt. ## 18-19.)

  Petitioner/Plaintiffs also sought, by way of this action, an order compelling U.S. Citizenship and Immigration Services ("USCIS") to schedule interviews and adjudicate

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff's pending I-130 Petition for Alien Relative, and Petitioner's pending I-485 Application for Adjustment of Status, pursuant to the Administrative Procedure Act and Declaratory Judgment Act. (*See* dkt. # 1.) On September 5, 2025, the Court granted the parties' request to hold the mandamus claims in abeyance until November 10, 2025, to allow USCIS time to adjudicate the applications. (Dkt. # 13.) On November 10, 2025, the Government reported that USCIS had adjudicated and denied both applications on November 3, 2025. (*See* dkt. ## 22-23.)

Although the parties had stipulated that Petitioner/Plaintiffs would voluntarily dismiss the mandamus claims once the applications were adjudicated (*see* dkt. # 13), this has not occurred (*see* dkt. # 22 at 1-2). Notably, Petitioner/Plaintiffs were initially represented by counsel when the stipulation was made, but counsel has since withdrawn, and they are now proceeding *pro se*. (*See* dkt. #17.) The Government indicates it attempted to contact Petitioner/Plaintiffs' regarding dismissal but received no response. (Dkt. # 22 at 1-2.) The Government maintains that the mandamus claims are nonetheless moot. (*See* dkt. # 22-23.)

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's federal habeas petition sought only release from detention, and he has now been removed from the United States, his habeas claims are fully resolved. *See id.* at 1065. Accordingly, there are no collateral consequences this Court could address, and Petitioner's habeas petition should be dismissed as moot. *See id.* Similarly, because USCIS has now adjudicated both Plaintiff's I-130 Petition and Petitioner's I-485 Application, the mandamus claims are moot as well.

1  Accordingly**,** this Court recommends that the pending petition for writ of habeas corpus
2  and for writ of mandamus, and complaint for declaratory and injunctive relief (dkt. # 1) be
3  dismissed with prejudice. This Court further recommends that the Government's return to
4  Petitioner's federal habeas petition (dkt. # 8) be stricken as moot. A proposed Order accompanies
5  this Report and Recommendation.

6  Objections to this Report and Recommendation, if any, should be filed with the Clerk and
7  served upon all parties to this suit not later than **fourteen (14) days** from the date on which this
8  Report and Recommendation is signed. Failure to file objections within the specified time may
9  affect your right to appeal. Objections should be noted for consideration on the District Judge's
10 motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may
11 be filed by **the day before the noting date**. If no timely objections are filed, the matter will be
12 ready for consideration by the District Judge on **December 17, 2025**.

13 DATED this 26th day of November, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge